Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LUIS E. CUEVAS NEGRÓN IREISALY SANTIAGO ZAYAS EX PARTE | TA2025AP00208 | Acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. BY2020RF00793<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de octubre de 2025.

Comparece la Sra. Ireisaly Santiago Zayas ("señora Santiago Zayas o peticionaria")[1] para que revisemos la *Resolución* emitida el 12 de junio de 2025,[2] por el Tribunal de Primera Instancia Sala Superior de Bayamón, Relaciones de Familia y Asuntos de Menores ("TPI o tribunal de instancia").[3] En esta el TPI determinó imponer honorarios por temeridad ascendentes a $3,000.00 a favor del Sr. Luis Enrique Cuevas Negrón ("señor Cuevas Negrón o recurrido") y dejó sin efecto la vista pautada para el 1 de julio de 2025.

Examinada la totalidad del expediente, resolvemos **denegar** la expedición del auto de *certiorari* solicitado.

---

[1] También conocida como Ireisaly Santiago Pérez e Ireialy Santiago Zayas. Entendemos que se trata de la misma persona. Véase, Entradas Núm. 1, 143, 145 y 203 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").
[2] Notificada al día siguiente.
[3] Véase, Entrada Núm. 317 de SUMAC.

Nos limitaremos a presentar los hechos del caso relacionados a esta controversia, sin especificar ciertos trámites cuya omisión no incide en nuestra determinación final. Veamos.

**-I**

El **9 de junio de 2020**, el señor Cuevas Negrón instó una demanda sobre *Divorcio (Ruptura Irreparable), Custodia y Patria Potestad* en contra de la señora Santiago Zayas.[4]

El **1 de agosto de 2020**, la señora Santiago Zayas presentó su *Contestación a Demanda*.[5]

El **21 de septiembre de 2020**,[6] el tribunal de instancia mediante *Sentencia* declaró roto y disuelto el vínculo matrimonial habido entre la señora Santiago Zayas y el señor Cuevas Negrón.[7]

Tras varias incidencias procesales, el **2 de mayo de 2024**,[8] el TPI emitió una *Resolución* en la que fijó la pensión alimenticia a proveerse para el beneficio del menor habido entre las partes.[9]

No obstante, el **19 de mayo de 2025**, la señora Santiago Zayas presentó una *MOCIÓN SOLICITANDO VISTA PRESENCIAL PARA QUE SE DISCUTA TODAS LAS CONTROVERSIAS QUE EXISTEN.*[10] En síntesis, solicitó al TPI que, en la vista señalada para el 10 de junio de 2025, a las 2:00 p.m., se discutieran todas las controversias que todavía existían en el presente caso y, solicitó, además, que dicha vista se celebrara de manera presencial por la complejidad de los temas. Entre ellos, la reconsideración de determinaciones finales y firmes como imposición de alimentos, incumplimientos al descubrimiento de prueba, desacatos resueltos en favor del recurrido y la decisión de la Examinadora de Pensiones Alimentarias quien se declaró sin jurisdicción para atender asuntos

---

[4] Véase, Entrada Núm. 1 de SUMAC.
[5] Véase, Entrada Núm. 17 de SUMAC.
[6] Notificada al día siguiente.
[7] Véase, Entrada Núm. 35 de SUMAC. Enmendada Nunc Pro Tunc el 16 de octubre de 2020, Entrada Núm. 37 de SUMAC.
[8] Notificada el 6 de mayo de 2024.
[9] Véase, Entrada 209 de SUMAC.
[10] Véase, Entrada Núm. 309 de SUMAC.

sobre alimentos. Además, instó al tribunal de instancia a expresarse con prontitud en cuanto a: (1) todos los derechos civiles que le fueron violados a la peticionaria en la vista de alimentos del 11 de abril de 2024; (2) la deuda existente de alimentos, gastos y retroactivos solicitados por la peticionaria; (3) el testimonio mendaz del recurrido en la Planilla de Información Personal y Económica (PIPE) radicada y la orden para que someta una PIPE enmendada; (4) el cumplimiento específico de la peticionaria con las órdenes del TPI; (5) la controversia sobre los ingresos del recurrido; (6) el incumplimiento específico del recurrido con las órdenes del TPI; y, (7) la imposición de honorarios por temeridad ante sus reiterados incumplimientos del recurrido.

En atención a la moción antes dicha, el **28 de mayo de 2025**, el tribunal de instancia notifica la siguiente determinación:

> El Tribunal se ha expresado en múltiples ocasiones sobre las controversias planteadas en esta moción, las mismas han sido resueltas, siendo finales y firmes. Siendo así, se le ordena a las partes, en un término de 20 días, informen las controversias las cuales el Tribunal no ha entrado en sus méritos. Se deja sin efecto vista del 10 de junio de 2025.[11]

El **5 de junio de 2025**, la señora Santiago Zayas presentó la *MOCION EN CUMPLIMIENTO DE ORDEN [310]*.[12] Entre otros, la peticionaria expresó al TPI que no había atendido en los méritos los siguientes asuntos:

1) Solicitud de Desacato presentada por la Peticionaria [249].
2) Moción en Cumplimiento de Orden [262].
3) Solicitud de Desacato presentada por la Peticionaria [292].
4) Orden de este Honorable Tribunal "Demandante Cumpla con el descubrimiento de prueba" [274].
5) Las controversias desglosadas en la Moción Allanándonos a Solicitud de Vista [296] donde este Honorable Tribunal señaló vista para el 5 de mayo de 2025 a las 2:00 p.m. de manera presencial [297]. Vista que fue suspendida por el propio Tribunal y reprogramada para el 10 de junio de 2025. Vista que también se dejó sin efecto y se refiere a la atención de la EPA por tercera vez.
6) No se ha expresado y no ha atendido el incumplimiento del Demandante con las órdenes de este Honorable Tribunal en cuanto pruebas de ingresos y gastos solicitados por la Examinadora de

---

[11] Véase, Entrada Núm. 310 de SUMAC.
[12] Véase, Entrada Núm. 311 de SUMAC.

Pensiones Alimenticia, Janet Soltero Lugo, en la vista del 11 de abril de 2024.

Así, la peticionaria solicitó que el TPI tomara conocimiento de lo antes expresado, diera por cumplida la orden y señalara una urgentemente vista de manera presencial por la complejidad de los temas esbozados.

Ese mismo día, **5 de junio de 2025**, el tribunal de instancia señaló una vista presencial para el 1 de julio de 2025, a las 2:00 p.m.[13]

El **12 de junio de 2025**, el señor Cuevas Negrón sometió una *MOCIÓN EN CUMPLIMIENTO DE ORDEN, OPOSICIÓN Y SOLICITUD DE REMEDIO DEFINITIVO Y SANCIONES SEVERAS.*[14] En resumen arguyó y detalló las ocasiones que la señora Santiago Zayas presentó mociones alegando la existencia de controversias sin atender, que, no obstante, fueron atendidas o se adjudicaron en sus méritos; incluso, asuntos finales y firmes. Adujo que ello ha provocado que, tanto el TPI, la Examinadora de Pensiones Alimentarias como el recurrido, tengan que contestarlas, constituyendo una conducta temeraria. Por lo que, solicitó al tribunal de instancia que determinara que la señora Santiago Zayas incurrió en temeridad, y le impusiera severas sanciones a favor del Estado y costas y honorarios de abogado a su favor en una suma no menor de $5,000.00.

El **12 de junio de 2025,** el TPI dictó la *Resolución* de la cual se recurre.[15] Allí determinó imponer honorarios por temeridad ascendentes a $3,000.00 a favor del señor Cuevas Negrón. Le concedió a la señora Santiago Zayas un término de cuarenta y cinco (45) días para emitir el correspondiente pago. Además, por entender que no existían controversias vigentes, y por ser la *Resolución*

---

[13] Véase, Entrada Núm. 312 de SUMAC.
[14] Véase, Entrada Núm. 315 de SUMAC.
[15] Véase, Entrada Núm. 317 de SUMAC.

emitida el 2 de mayo de 2024 una final y firme, dejó sin efecto la vista pautada para el 1 de julio de 2025.

En desacuerdo, el **30 de junio de 2025**, la señora Santiago Zayas radicó una *Moción de Reconsideración a Resolución notificada el 13 de junio de 2025 [317].*[16] Planteó, entre otros, que lo extenso del caso no solo le era atribuible, sino, que ello era resultado de los incumplimientos reiterados del señor Cuevas Negrón y la desatención del tribunal de instancia a los reclamos de la peticionaria. Así, arguyó que la determinación de temeridad en su contra era contraria a derecho; por lo cual, era necesario se celebrara una vista en los méritos. En consecuencia, solicitó se dejara sin efecto la orden de pago de honorarios por temeridad y se señalara una vista.

El **10 de julio de 2025**, el señor Cuevas Negrón sometió ante la consideración del TPI una *Moción en cumplimiento de Orden, Oposición a Reconsideración.*[17] En esta reiteró su postura previa y solicitó que declarase No Ha Lugar la reconsideración presentada por la señora Santiago Zayas.

El **10 de julio de 2025**, el tribunal de instancia emitió y notificó una *Orden* en la cual determinó: "*no ha lugar a la reconsideración presentada por la Sra. Santiago Zayas.*"[18]

El **6 de agosto de 2025**, la señora Santiago Zayas presentó el recurso de *certiorari* que nos ocupa y señaló los siguientes errores:

> A. *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN[,] AL IMPONER HONORARIOS DE ABOGADO POR TEMERIDAD AL AMPARO DE LA REGLA 44.1 DE PROCEDIMIENTO CIVIL, CUANDO LA PETICIONARIA – APELANTE NO INCURRIÓ EN CONDUCTA TEMERARIA, SEGÚN SE DEFINE POR EL DERECHO VIGENTE APLICABLE Y LA JURISPRUDENCIA QUE LA INTERPRETA.*

> B. *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN[,] AL DEJAR SIN EFECTO LA VISTA PAUTADA PARA EL 1RO DE JULIO*

---

[16] Véase, Entrada Núm. 319 de SUMAC.
[17] Véase, Entrada Núm. 321 de SUMAC.
[18] Véase, Entrada Núm. 322 de SUMAC.

*DE 2025 BAJO EL FUNDAMENTO DE QUE NO EXISTÍAN CONTROVERSIAS VIGENTES, A PESAR DE QUE AÚN EXISTEN SOLICITUDES DE DESACATO PENDIENTES DE SER ATENDIDAS Y RESUELTAS EN SUS MÉRITOS.*

El **18 de agosto de 2025**, el señor Cuevas Negrón radicó su *Alegato en Oposición a Recurso de Apelación.*

El **19 de agosto de 2025**, dimos por perfeccionado el recurso de *certiorari* para la atención del Panel.

**-II-**

**-A-**

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[19] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[20]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.* [...].[21]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes

---

[19] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[20] *García v. Asociación,* 165 DPR 311, 321 (2005).
[21] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[22]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[23]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[24]

**-III-**

En esencia, la peticionaria nos señala que el TPI incidió al imponerle el pago de honorarios de abogado por temeridad y al dejar sin efecto la vista pautada para el 1 de julio de 2025.

Un examen de la *Resolución* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable.

---

[22] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[23] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[24] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

Es decir, no concurren las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra,* ni los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

### -IV-

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones